IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAV-RX PRESCRIPTION SERVICES, INC., a Nebraska corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DRUGSITE LIMITED, a New Zealand limited liability company; and DRUGSITE LIMITED, as trustee of THE DRUGSITE TRUST,<br><br>Defendant. | CASE NO: ___<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff Sav-Rx Prescription Services, Inc. ("Plaintiff" or "Sav-Rx"), a Nebraska corporation, by and through its attorneys, for its Complaint against Defendants Drugsite Limited, a New Zealand limited liability company, and Drugsite Limited, as trustee of the Drugsite Trust (collectively, "Defendant" or "Drugsite"), states and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for infringement of Plaintiff's federally registered service mark SAV-RX, registration number 1847125, under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for related state-law claims of violation of the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 to 87-306; violation of the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 to 59-1622; unfair competition under Nebraska common law; and unjust enrichment. All claims arise from Defendant's unauthorized use of Plaintiff's SAV-RX service mark in the advertising and promotion of Defendant's services.

2. Plaintiff seeks injunctive relief, up to three times the amount of its actual damages, an accounting and disgorgement of profits, costs, attorney's fees, prejudgment and post-judgment interest, and other relief that the Court deems just and proper.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any act of congress relating to trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. This Court has personal jurisdiction over Drugsite under Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536. At all relevant times, Drugsite regularly conducted business in Nebraska, contracted to supply services in Nebraska, and caused tortious injury to Plaintiff in Nebraska. Plaintiff's cause of action arises out of or relates to Drugsite's activities in Nebraska, and Drugsite purposefully availed itself of the privilege of conducting business and other activities in Nebraska.

5. Venue is proper pursuant to 28 U.S.C. § 1391(c)(3) because Drugsite is not a resident in the United States and may be sued in any judicial district.

## PARTIES

6. Plaintiff Sav-Rx Prescription Services, Inc. ("Plaintiff" or "Sav-Rx") is a corporation that is incorporated in Nebraska and has its principal place of business in Fremont, Nebraska. Sav-Rx is a pharmacy benefit manager and leading provider of pharmacy benefits and mail-order services. Sav-Rx owns and has the right to use the service mark SAV-RX.

7. Upon information and belief, Defendant Drugsite Limited is a limited liability company formed under the laws of New Zealand and does business in New Zealand and

abroad, including in the United States and Nebraska. Upon information and belief, Drugsite Limited has two directors, Philip James Thornton and Karen Ann Thornton, both of whom are citizens of New Zealand. Drugsite Limited is also trustee of The Drugsite Trust, a privately held trust. Drugsite Limited and The Drugsite Trust (collectively, "Drugsite" or "Defendant") own and operate SaveRx, a pharmacy savings program that advertises low prices of medications available at surrounding pharmacies.

## FACTUAL ALLEGATIONS

### *Plaintiff and Its SAV-RX Mark*

8. Sav-Rx is a pharmacy benefit manager and leading provider of pharmacy benefits and mail-order services. Sav-Rx provides prescription drug services to individuals and organizations on a nationwide basis. Sav-Rx serves millions, including individuals in all 50 states and Puerto Rico.

9. Through its Sav-Rx Advantage Program, Plaintiff offers a cash discount card to individuals, which allows users to pay for prescription drugs at the Sav-Rx discounted rate, rather than the pharmacy's retail price. The card is offered to Sav-Rx clients at no cost, and it is not insurance. Attached as Exhibit 1 is a true and correct brochure detailing the Sav-Rx Advantage Program.

10. To protect the assets associated with its business, good will, and reputation, Plaintiff applied for, and in 1994 received, United States Service Mark Registration No. 1847125 on the Principal Register in the United States Patent and Trademark Office for the service mark "SAV-RX" (hereinafter "SAV-RX Mark") for contracted pharmacy services for individuals and organizations, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 2 is a

3

true and correct copy of the registration certificate for Plaintiff's United States Service Mark Registration No. 1847125, which was issued by the United States Patent and Trademark Office on July 26, 1994.

11.     The SAV-RX mark is depicted as follows:



12.     Plaintiff has used the SAV-RX Mark in commerce throughout the United States continuously since July 26, 1994, in connection with the provision, marketing, advertising, and promotion of its services.

13.     As a result of its widespread, continuous, and exclusive use of the SAV-RX Mark to identify its services, including the Sav-Rx Advantage Program, and Plaintiff as the source of these services, Plaintiff owns valid and subsisting federal statutory and common law rights to the SAV-RX Mark.

14.     Plaintiff's SAV-RX Mark is distinctive to both the consuming public and Plaintiff's trade.

15.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the services provided under the SAV-RX Mark, including the Sav-Rx Advantage Program. Sav-Rx markets, advertises, and promotes its services on a nationwide basis, including through print, the internet, social media, and mobile app.

16.     Plaintiff owns and operates a website at www.savrx.com. Through its website, Plaintiff advertises and promotes its services under the SAV-RX Mark.

17. Plaintiff has a network of more than 72,000 pharmacies, including major chains, across the country, which provide prescription drugs to Plaintiff's clients and participate in the Sav-Rx Advantage Program.

18. As a result of Plaintiff's expenditures and efforts, the SAV-RX Mark has come to signify the high quality of the services designated by the SAV-RX Mark, including the Sav-Rx Advantage Program, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

19. Plaintiff has scrupulously and successfully enforced and protected its SAV-RX Mark against past infringements and acts of cybersquatting. Attached as Exhibits 3 and 4 are true and correct cease-and-desist letters sent to prior infringers of the SAV-RX Mark. Attached as Exhibit 5 is a true and correct copy of a Temporary Restraining Order issued by this Court in favor of Sav-Rx and its efforts to protect its SAV-RX Mark. Attached as Exhibit 6 is a true and correct copy of an Order from this Court in favor of Sav-Rx and its efforts to protect its SAV-RX Mark.

***Defendant's Unlawful Activities***

20. Defendant owns and operates SaveRx, a pharmacy savings program that advertises low prices of medications available at surrounding pharmacies. Defendant negotiates discounts on prescription drugs with pharmacies and manufacturers. Defendant then passes on these discounts to users of its program by providing users with a SaveRx Savings Card, which allows users to obtain prescription drugs at the discounted rate, rather than the pharmacy's retail price. Defendant offers its Savings Card at no cost, and it is not insurance. SaveRx is available at over 70,000 pharmacies across the United States, Puerto Rico, Guam, and the Virgin Islands, including major chains such as CVS,

Walmart, and Walgreens. Attached as Exhibit 7 is a true and correct copy of SaveRx's website homepage, which details the SaveRx program.

21. Without Plaintiff's authorization and beginning after Plaintiff acquired protectable exclusive rights in its SAV-RX Mark, Defendant adopted and began using the mark "SaveRx" in commerce (hereinafter, the "Infringing Mark" or "SAVERX Mark"). The Infringing Mark is depicted as follows:



22. The SAVERX Mark adopted and used by Defendant is confusingly similar to Plaintiff's SAV-RX Mark.

23. Upon information and belief, Defendant has been engaged in the provision, advertising, and promotion of its SaveRx Savings Card using the Infringing Mark throughout the United States and Puerto Rico. Attached as Exhibit 8 is a true and correct copy of SaveRx's FAQ stating as much.

24. Upon information and belief, Defendant has provided, marketed, advertised, and promoted the SaveRx Savings Card under the SAVERX Mark in the same geographical territory in which Plaintiff provides, markets, advertises, and promotes its Sav-Rx Advantage Program under the SAV-RX Mark. Both programs provide users with discounts on prescription drugs at pharmacies across the United States.

25. Upon information and belief, Defendant has provided, marketed, advertised, and promoted its SaveRx Savings Card under the Infringing Mark through its website, www.saverx.medicine.com. The SaveRx Savings Card is valid at over 70,000 pharmacies across the United States, Puerto Rico, Guam, and the Virgin Islands,

including major chains such as CVS, Walmart, and Walgreens. Plaintiff provides, markets, advertises, and promotes its Sav-Rx Advantage Program under the SAV-RX Mark through its website, www.savrx.com. The Sav-Rx Advantage Program is valid at over 72,000 pharmacies across the United States and Puerto Rico, including major pharmacy chains.

26. Upon information and belief, Defendant offers its SaveRx Savings Card under the Infringing Mark to users of prescription drugs in the United States and Puerto Rico. Plaintiff offers its Sav-Rx Advantage Program to users of prescription drugs in the United States and Puerto Rico.

27. On October 10, 2023, Plaintiff's counsel sent a cease-and-desist letter to Defendants objecting to Defendant's use of the Infringing Mark. Attached hereto as Exhibits 9 is a true and correct copy of Plaintiff's letter.

28. To date, Plaintiff has received no response to its cease-and-desist letter and, after reasonable inquiry, has no evidence that Defendant has complied with the demands set out in Plaintiff's counsel's letter.

29. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's SaveRx Savings Card and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's SaveRx Savings Card originates from or is associated or affiliated with or otherwise authorized by Plaintiff.

30. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's SAV-RX Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's services to Defendant.

31.     Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

### COUNT I: SERVICE MARK INFRINGEMENT
### 15 U.S.C. § 1114(1)

32.     Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

33.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34.     Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the SAV-RX Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

35.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

36.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable

attorney's fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT II: UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

37. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

38. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

39. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

40. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

41. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

43. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney's fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

### COUNT III: VIOLATION OF NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT
### Neb. Rev. Stat. §§ 87-301 to 87-306

44. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

45. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes an impermissible passing off of Defendant's services as those of Plaintiff; has caused and continues to cause likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's services; and has caused and continues to cause likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, Plaintiff.

46. Defendant's conduct as alleged herein constitutes unfair competition in violation of the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 to 87-306.

47. Upon information and belief, Defendant's conduct as alleged herein is willful, knowingly deceptive, and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

48. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue

to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

49. Plaintiff is entitled to, among other relief, injunctive relief, and an award of reasonable attorney's fees and costs of the action, together with prejudgment and post-judgment interest.

## COUNT IV: VIOLATION OF NEBRASKA CONSUMER PROTECTION ACT
### Neb. Rev. Stat. §§ 59-1601 to 59-1622

50. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

51. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes an unfair method of competition and unfair or deceptive acts or practices in the conduct of trade and commerce. Defendant's actions as alleged herein affect the public interest and the people of Nebraska because Defendant's actions are likely to deceive Nebraskans as to the origin, source, sponsorship, or affiliation of Defendant's services, and are likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant has therefore violated and continues to violate the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1602.

52. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

53. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, enhanced damages, statutory damages, reasonable attorney's fees, and costs of the action under Neb. Rev. Stat. §§ 59-1609 and 59-1614, together with prejudgment and post-judgment interest.

### COUNT V: UNFAIR COMPETITION

54. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

55. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes unfair competition in violation of the common law of the state of Nebraska.

56. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

57. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, and costs of the action, together with prejudgment and post-judgment interest.

### COUNT VI: UNJUST ENRICHMENT

58. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

59. Defendant has impermissibly profited from its unauthorized use in commerce of the Infringing Mark as alleged herein. Upon information and belief,

Defendant has retained possession of the ill-gotten profits. The Defendant, in justice and fairness, ought to pay the ill-gotten profits to Plaintiff.

60. Plaintiff is entitled to, among other relief, Defendant's profits and costs of the action, together with prejudgment and post-judgment interest, and such other and further relief as the Court deems fair, just, and equitable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. That Defendant has engaged in deceptive trade practices in violation of the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 to 87-306; engaged in unfair methods of competition and unfair or deceptive acts or practices in violation of the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 to 59-1622; engaged in unfair competition in violation of Nebraska common law; and has been unjustly enriched.

3. Granting a temporary restraining order and an injunction preliminarily and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a) Marketing, advertising, promoting, or authorizing any third party to market, advertise, or promote any services bearing the SAVERX Mark or any other mark

that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's SAV-RX Mark;

  b) Engaging in any activity that infringes Plaintiff's rights in its SAV-RX Mark;

  c) Engaging in any activity constituting unfair competition with Plaintiff;

  d) Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with, Plaintiff, or (ii) Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

  e) Using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, or trade dress that falsely associate such business, goods, or services with Plaintiff or tend to do so;

  f) Registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the SAVERX Mark or any other mark that infringes or is likely to be confused with Plaintiff's SAV-RX Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

  g) Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

5. Directing Defendant to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale, and use of any and all packaging, labels, catalogs, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the SAVERX Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's SAV-RX Mark, and to direct all pharmacies, retailers, and other individuals and establishments wherever located in the United States or Puerto Rico that advertise or promote Defendant's services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and offering for sale of any and all services, packaging, labels, catalogs, advertisements, signs, displays, and other materials featuring or bearing the SAVERX Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's SAV-RX Mark, and to immediately remove them from public access and view.

6. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended

period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

7. Awarding Plaintiff an amount up to three times the amount of its actual damage, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

8. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

9. Awarding Plaintiff enhanced damages and statutory damages pursuant to the Nebraska Consumer Protection Act and Nebraska Uniform Deceptive Trade Practices Act.

10. Imposing civil penalties on Defendant pursuant to the Nebraska Consumer Protection Act and Nebraska Uniform Deceptive Trade Practices Act.

11. Awarding Plaintiff its costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a), Neb. Rev. Stat. § 59-1609, and Neb. Rev. Stat. § 87-303.

12. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

13. Awarding such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial as to all triable issues in this action and requests that trial be held in Lincoln, Nebraska.

Dated this 30th day of November, 2023.

                                SAV-RX PRESCRIPTION SERVICES, INC., Plaintiff,

By:   */s/ Michael F. Coyle*
Michael F. Coyle #18299
Alexander S. Arkfeld, #27277
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
(402) 341-6000 (telephone)
(402) 341-8290 (facsimile)
mcoyle@fraserstryker.com
aarkfeld@fraserstryker.com
ATTORNEYS FOR PLAINTIFF

3094819

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAV-RX PRESCRIPTION SERVICES, INC., a Nebraska corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DRUGSITE LIMITED, a New Zealand limited liability company; and DRUGSITE LIMITED, as trustee of THE DRUGSITE TRUST,<br><br>Defendant. | CASE NO: ___<br><br>VERIFICATION OF CHRISTY PITI |

STATE OF NEBRASKA   )
                    ) ss.
COUNTY OF DODGE     )

CHRISTY PITI, being duly sworn, deposes and says that I am the Chief Executive Officer of Sav-Rx Prescription Services, Inc. and have authorized the filing of this Complaint. I have reviewed the allegations made in the Complaint, and I believe them to be true to the best of my knowledge, information, and belief.

Dated this 30 day of November, 2023.

_____
Christy Piti
Chief Executive Officer

SUBSCRIBED AND SWORN before me by Christy Piti this 30 day of November, 2023.

_____
Notary Public

State of Nebraska – General Notary
LISA A. QUINCY-RUMP
My Commission Expires
September 25, 2024

18