IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAV-RX PRESCRIPTION SERVICES, INC., a Nebraska corporation, | |
| Plaintiff, | 4:23-CV-3232 |
| vs. | |
| DRUGSITE LIMITED, a New Zealand limited liability company; and DRUGSITE LIMITED, as Trustee of the Drugsite Trust; | PRELIMINARY INJUNCTION |
| Defendants. | |

This matter is before the Court on the plaintiff's motion for preliminary injunctive relief (filing 4). The Court will grant the motion.

The standards applicable to this motion, and a thorough discussion of how those standards apply to the allegations found in the plaintiff's complaint, can be found in the Court's previous memorandum and order (filing 10), and need not be restated here. The primary focus of this order is on the evidence adduced at the hearing on the plaintiff's motion—particularly, the credible testimony of the plaintiff's CEO, Christy Piti—and how that evidence addresses the substantive concerns previously articulated by the Court.

To begin with, Piti's testimony regarding the scope of the plaintiffs' business and the services it provides is sufficient to suggest that the plaintiffs' mark is stronger than the Court initially was able to infer from the face of the complaint. *See* filing 10 at 4-6. Piti's testimony supports a conclusion that the plaintiff's mark, while arguably suggestive, has acquired secondary meaning in the relevant marketplace. *See* filing 10 at 5-6. Piti also testified to, and the

plaintiff provided documentary evidence of, actual consumer confusion. *See* filing 10 at 6. And finally, Piti's explanation of the plaintiff's business model clarifies how the conditions of purchase and the degree of care expected of customers—or more precisely in this case, consumer confusion under the circumstances in which the plaintiff's services are actually *used*—can affect the plaintiff and its customers. *See* filing 10 at 7.

Taken together, that supplemental evidence means the plaintiff *has* shown a probability of confusion and a likelihood of success on the merits of its Lanham Act claim. *See* filing 10 at 7-8. That, in turn, means the plaintiff is entitled to a presumption of irreparable harm under the Lanham Act. *See* filing 10 at 8. Moreover, Piti's testimony explained to the Court how confusion about the plaintiff's mark could, and has, led to its customers being refused service and their transactions being processed incorrectly. That's important, because it means that the plaintiff's lost business could to a certain extent be unquantifiable—transactions improperly processed, or not processed at all, may escape detection and be irremediable by money damages.

The next step, then, is balancing of harms, *see* filing 10 at 9-10—and because the Court is now better-informed about what the harms to the plaintiff are, the Court is in a better position to conclude that the balance of harms favors the plaintiff's request for relief. The Court also notes that while balancing remains difficult when only one party is arguing, this time it's the defendants' fault, because they've now had a chance to weigh in but have chosen not to. *See* filing 11. The Court also notes that the defendants' apparent voluntary cessation of at least some aspects of their business, *see* filing 11 at 3,[1] suggests they're able to absorb the costs of complying with trademark law.

---

[1] The defendants' voluntary cessation of at least some of their allegedly infringing activity does not moot the plaintiff's claims. *See Rinne v. Camden Cnty.*, 65 F.4th 378 (8th Cir. 2023).

Finally, the Court still agrees with the plaintiff that there is a public interest in avoiding consumer confusion, *see* filing 10 at 11—more so, as the plaintiff's evidence has established how its customers are being directly harmed by confusion regarding the plaintiff's mark and services. The Court is also persuaded that there is little risk of innocent consumers of the defendant's services being affected, given how those services are processed by pharmacies.

In sum, the Court now agrees with the plaintiff that the *Dataphase* factors, *see* filing 10 at 2, weigh in favor of preliminary injunctive relief. And the concerns the Court had about granting *ex parte* relief, *see* filing 10 at 11, are gone. *See* filing 11. The Court will, accordingly, grant the plaintiff's motion. The Court has considered whether the plaintiff should be required to give security. *See* Fed. R. Civ. P. 65(c); *Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 789 (8th Cir. 1989). The Court elects to waive the security requirement here, as the defendants have neither requested security nor made a showing of the damages that might result from wrongful issuance of an injunction. *See Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016).

IT IS ORDERED:

1. The plaintiff's motion for preliminary injunction (filing 4) is granted.

2. The defendants; all officers, agents, servants, employees, and attorneys of the defendants; and all others in in active concert or participation with the defendants; are enjoined in the United States and all territory which is under its jurisdiction and control from:

    a.    Marketing, advertising, or promoting services bearing the SAVERX Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the plaintiff's SAV-RX Mark;

    b.    Using the SAVERX Mark—or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the plaintiff's SAV-RX Mark—when contracting with pharmacies; and

    c.    Registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the SAVERX Mark, or any other mark that infringes or is likely to be confused with the plaintiff's SAV-RX Mark.

3.    The plaintiff is directed to provide the defendants with effective service of this order by the most efficient available means.

Dated this 29th day of December, 2023.

BY THE COURT:

*John M. Gerrard* (signature)

John M. Gerrard
Senior United States District Judge